# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| PAUL GERLICH and ERIN FURLEIGH, | * | CIVIL NO. 4:14-cv-00264-JEG-HCA |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | **ORDER FOR** |
| | * | **STATUS REPORT ON ESI** |
| STEVEN LEATH, WARREN MADDEN, | * | |
| THOMAS HILL and LEESHA | * | |
| ZIMMERMAN, | * | |
| | * | |
| Defendants. | * | |

With regard to issues involving electronically stored information (ESI), the parties are directed to meet and confer, and to file a joint status report regarding matters set forth below:

1. The estimated number of custodians of electronically stored information who will be the subject of orders of retention, orders for search for information, or production.

2. Identification of relevant and discoverable ESI, including all methods agreed upon by the parties for identifying any initial subset sources of ESI which are most likely to contain relevant and discoverable information, as well as methodologies agreed upon for retrieving the relevant and discoverable ESI from the initial subset, and the persons or entities with possession, custody or control of such discoverable information.

3. The agreed time frame for all searches of computers maintained by any and all parties.

4. The agreed format for any computerized searches.

5. The agreed search terms to be utilized in any computerized search, including predictive coding, key word search or use of algorithms.

6. Whether the existence of, and retention of, ESI has been identified in the initial disclosures exchanged, or to be exchanged by the parties.

7. The implementation and existence of litigation holds on electronically stored information by all parties.

8. The existence, location and availability of information stored, maintained and collected in any "cloud" computing facilities or programs.
9. The extent to which social media sites will be subject to discovery, and the identity of such sites, and the person(s) who created, used, or have access to such sites.

10. Should there be phased discovery, and if so, set forth the bases or reasons for a phased discovery plan.

11. The use of experts or vendors regarding ESI issues.

12. The extent to which the parties have discussed, agreed upon, or disagreed upon methods to reduce, share or allocate costs of producing, reviewing, retrieving or storing ESI pursuant to Fed. R. Civ. P. 26(b)(2)(B).

13. Whether there will be any requests made to any party regarding the content, address, and participants in any social media sites of any type or nature, and if so identify the person or persons in whose name or identification such social media site or sites is listed.

14. Whether the parties have agreed upon a stipulation pursuant to Fed. R. Evid. 502(e), and/or whether the parties will seek or agree on the entry of an order pursuant to Fed. R. Evid. 502(d).

If the parties are unable to agree upon an appropriate protocol for the search of, and review of, electronically stored information in this case, they are to notify the Court within ten days of any meet and confer session regarding such failure, and the Court will then order a conference to discuss these issues.

The parties shall submit the joint status report by December 19, 2014, with an attached joint proposed order for discovery of ESI if appropriate.

IT IS SO ORDERED.

Dated November 21, 2014.

_____
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE