IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **Paul Gerlich and Erin Furleigh,** <br><br> Plaintiffs, <br><br> v. <br><br> **Steven Leath, Warren Madden, Thomas Hill, and Leesha Zimmerman,** <br><br> Defendants. | Case No. 4:14-cv-264 <br><br> **Joint Status Report <br> and <br> Joint Request for Case Management Order, Attorney Fee and Cost Ruling, and Judgment for Plaintiffs** |

Plaintiffs Paul Gerlich and Erin Furleigh (collectively "Plaintiffs") and Defendants Steven Leath, Warren Madden, Thomas Hill, and Leesha Zimmerman (collectively "Defendants"), by and through their undersigned attorneys, submit this Joint Status Report and Joint Request for Case Management Order, Attorney Fee and Cost Ruling, and Judgment for Plaintiffs.

**Background**

1. Plaintiffs were two student leaders of NORML ISU, a student organization recognized by and in good standing with Iowa State University, who filed this lawsuit on July 1, 2014, alleging that the Defendant ISU officials violated their First and Fourteenth Amendment rights. *See* Dkt. No. 1.

2. On January 22, 2016, this Court entered its summary judgment ruling in favor of Plaintiffs, in part holding Defendants were not entitled to qualified immunity and that the their trademark decisions violated the Plaintiffs' right to free speech. *See* Dkt. No. 60; now reported as *Gerlich v. Leath*, 152 F.Supp.3d 1152 (S.D. Iowa 2016).

3. As part of that ruling, this Court permanently enjoined Defendants "from enforcing trademark licensing policies against Plaintiffs in a viewpoint discriminatory manner

and from further prohibiting Plaintiffs from producing licensed apparel on the basis that their designs include the image of a similar cannabis leaf." *Id.*

4. Defendants appealed, and on June 13, 2017, the U.S. Court of Appeals for the Eighth Circuit affirmed this Court's ruling in a 2-1 panel decision. *See Gerlich v. Leath*, 847 F.3d 1005 (8th Cir. 2017).

5. Because the Court of Appeals denied Defendants' reconsideration and *en banc* review applications, this Court's January 22, 2016 Order now stands as a final ruling.

6. Accordingly, this case properly is back before this Court for further proceedings, including trial of the damages phase of Plaintiffs' case, as well as consideration of such applications as Plaintiffs may make for attorney fees and costs.

**Status Report**

7. Counsel for the parties recently concluded settlement discussions that sought to resolve the damages questions and to narrow the remaining issues for submission to and determination by this Court.

8. Through those discussions, Plaintiffs and Defendants now have accepted and executed a settlement term sheet, a copy of which is attached as Exhibit 1 to this joint filing and which is incorporated here by this reference.

9. That term sheet, and the parties' agreement, provide in relevant part:

    a. This Court's January 22, 2016 injunction shall be deemed permanent and continuing, and, by the signatures of Wendy Wintersteen (Defendant Steven Leath's successor as university president) and Iowa State University to the term sheet, shall be binding on her and it.

b. As a compromise and settlement to resolve the damages claims remaining for trial, Defendants shall pay as actual damages to each Plaintiff the sum of $75,000, allocated to emotional distress and payable on a Form 1099.

c. This Court shall retain jurisdiction over the parties and the case to determine the remaining issue in the case—the amount of a lodestar award of attorney fees to be awarded to Plaintiffs and their counsel and costs as each were incurred in this litigation before the U.S. District Court for the Southern District of Iowa.

d. Plaintiffs shall be deemed prevailing parties in the pending litigation, including without limitation as contemplated under 42 U.S.C. §1983, and as such shall without further proof or motion be deemed entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §1988 and any other applicable statute, rule, or provision of law.

e. In connection with that attorney fee and cost award, the parties have agreed to a procedure whereby Plaintiffs shall submit an application for attorney fees and costs incurred in the District Court and under which this Court may rule on that application, without hearing, based only on: (1) the application and its supporting schedules, exhibits, declarations, affidavits, and related filings, (2) any opposition by Defendants, and (3) any reply by Plaintiffs thereto, along with any such sworn declarations and exhibits as may accompany those submissions.

f. The parties have agreed that the amount of attorney fees and costs awarded by this Court shall be increased by the sum of $15,000 as

payment for the time and costs Plaintiffs and their lawyers incur in connection with the fee application itself and the District Court shall enter final judgment for Plaintiffs and against Defendants for the total award of attorney fees and costs as so determined.

10. At its January 5, 2018 meeting, the Iowa State Appeal Board approved payment of the damages and appellate attorney fees obligations created in Exhibit A and the parties now seek to effectuate the remaining settlement terms.

## Request for Case Management Order, Attorney Fee and Cost Ruling, and Final Judgment

11. In light of the matters outlined above, Plaintiffs and Defendants jointly request that this Court enter a case management order setting a schedule for Plaintiffs to file their application for an award of attorney fees and costs as a prevailing party, along with any supporting materials and briefing; for Defendants to file any resistance materials; and for Plaintiffs to file their reply.

12. Further, the parties jointly ask this Court to accept and enforce their stipulation that Plaintiffs shall be deemed prevailing parties in this case, including without limitation as contemplated under 42 U.S.C. §1983, and as such shall without further proof or motion be deemed entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §1988 and any other applicable statute, rule, or provision of law.

13. Additionally, Plaintiffs and Defendants jointly authorize this Court, if it so desires, to rule on Plaintiffs' forthcoming attorney fee and cost application without hearing, based only on the record and pleadings on file, along with: (1) Plaintiffs fee application and its supporting schedules, exhibits, declarations, affidavits, and related filings, (2) any opposition by Defendants, and (3) any reply by Plaintiffs thereto, along with any such sworn declarations and exhibits as may accompany those submissions.

14. Plaintiffs and Defendants further ask that this Court enter a ruling on that fee application and that it separately increase the lodestar of attorney fees that it awards by the sum of $15,000 as full reimbursement for Plaintiffs' attorney fees in making the fee application itself.

15. Lastly, the parties ask that the Court incorporate its lodestar award of fees and costs (plus $15,000) into an Order and Judgment that specifies that this Court's January 22, 2016 injunction shall be deemed permanent and continuing, and, by the signatures of Wendy Wintersteen and Iowa State University to the settlement term sheet, shall be binding on her and it along with the named Defendants.

WHEREFORE the parties jointly request that this Court effectuate the terms of their agreement as described above and in Exhibit 1, in part by entering:

(a) A case management order setting a motion and briefing schedule for Plaintiffs' application for an award of attorney fees and costs, Defendants' resistance thereto, and Plaintiffs' reply;

(b) A ruling awarding Plaintiffs as prevailing parties a lodestar amount for reasonable attorney fees (plus $15,000) and for costs to be assessed against Defendants;

(c) Judgment for Plaintiffs and against Defendants for those attorney fees and costs as so stepped up; and

(d) Judgment for Plaintiffs and against Defendants and their successors Iowa State University and Wendy Wintersteen such that this Court's January 22, 2016 ruling and entry of injunctive relief shall be deemed permanent, continuing, and binding against Defendants and those named successors.

Dated:  January 30, 2018.

*Jointly submitted,*

| | |
|---|---|
| **FAEGRE BAKER DANIELS LLP** | **THOMAS J. MILLER**<br>Attorney General of Iowa |
| /s/ Michael A. Giudicessi<br>Michael A. Giudicessi<br>  *michael.giudicessi@faegrebd.com*<br>801 Grand Avenue, 33rd Floor<br>Des Moines, IA 50309<br>Telephone:  (515) 248-9000<br>Facsimile:  (515) 248-9010 | /s/ Jeffrey Thompson<br>Jeffrey Thompson<br>  *Jeffrey.Thompson@ag.iowa.gov*<br>George A. Carroll<br>  *george.carroll@iowa.gov*<br>Assistant Attorney General<br>Hoover Building, Second Floor<br>1305 East Walnut Street<br>Des Moines, IA 50319<br>Telephone: (515) 281-4419<br>Facsimile: (515) 281-7219 |
| **DAVIS WRIGHT TREMAINE LLP**<br>Robert Corn-Revere *(admitted pro hac vice)*<br>  *bobcornrevere@dwt.com*<br>Ronald G. London *(admitted pro hac vice)*<br>  *ronnielondon@dwt.com*<br>Lisa B. Zycherman *(admitted pro hac vice)*<br>  *lisazycherman@dwt.com*<br>1919 Pennsylvania Avenue, NW, Suite 800<br>Washington, DC 20006<br>Telephone:  (202) 973-4200<br>Facsimile:  (202) 973-4499 | **ATTORNEYS FOR DEFENDANTS STEVEN LEATH, WARREN MADDEN, THOMAS HILL, AND LEESHA ZIMMERMAN** |
| **ATTORNEYS FOR PLAINTIFFS PAUL GERLICH AND ERIN FURLEIGH** | |

### Certificate of Service

The undersigned hereby certifies that a true copy of **Joint Status Report and Joint Request for Case Management Order, Attorney Fee and Cost Ruling, and Judgment for Plaintiffs** was served upon one of the attorneys of record for each party to the above-entitled cause through the Court's CM/ECF filing system on the 30th day of January, 2018.

/s/ Trisha Richey

Copy to:
Jeffrey Thompson
  Jeffrey.Thompson@ag.iowa.gov
George A. Carroll
  george.carroll@iowa.gov
*Attorneys for Defendants*

US.116135520.02