IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Paul Gerlich and Erin Furleigh,<br><br>Plaintiffs,<br><br>v.<br><br>Steven Leath, Warren Madden, Thomas Hill, and Leesha Zimmerman,<br><br>Defendants. | Case No. 4:14-cv-264<br><br>**Corrected and Substituted Declaration of Michael A. Giudicessi in Support of Plaintiffs' Application for Attorney Fees and Costs** |

I, Michael A. Giudicessi, declare as follows:

1.      The matters set forth in this Declaration are within my personal knowledge.

2.      I am one of the counsel of record for Plaintiffs Paul Gerlich and Erin Furleigh in this action arising under 42 U.S.C. § 1983 and have served in that capacity as to the matters in this case arising before this Court and in Defendants' related, unsuccessful interlocutory appeal to the United States Court of Appeals for the Eighth Circuit.

3.      I am a resident member of the Iowa bar, admitted by examination in 1979. I also am admitted to the federal bars of this Court, the U.S. Supreme Court, U.S. Court of Appeals for the Eighth Circuit, and the United States District Court for the Northern District of Iowa.

4.      I am a partner in the law firm of Faegre Baker Daniels LLP in Des Moines, Iowa, where I represent clients on a wide range of business, communications, and employment matters, including First Amendment litigation.

5.      I received my Bachelor of Journalism degree from the University of Missouri, Columbia in 1976 and my law degree from the University of Iowa in 1979. At the University of

Missouri, I qualified for membership in Kappa Tau Alpha, the journalism honorary society. I received my law degree with distinction from the University of Iowa.

6.    After graduation from law school, I completed a one-year judicial clerkship with then Chief Judge Leo Oxberger of the Iowa Court of Appeals.

7.    Between 1980 and 1990, I served as corporate counsel for four Iowa companies including the Des Moines Register and Tribune Company and Palmer Communications Incorporated.

8.    I have been in the private practice of law with Faegre Baker Daniels LLP since May 1990, when I joined Faegre & Benson's Des Moines office as one of its initial Iowa partners. In 2012, Faegre & Benson LLP and Baker & Daniels completed their combination and the law firm now has some 750 professionals working in the United States, England and China.

9.    Over the course of my career, I have gained substantial experience in representation of news organizations and media companies on a wide range of First Amendment and freedom of speech or press issues.

10.    Among the media organizations for whom I have served as counsel of record in litigation are: *The Des Moines Register*; WHO-TV; KCCI-TV; Fox Broadcasting; ABC-Cap City; *The Waterloo Courier*; *The Newton Daily News*; *The Daily Tribune of Ames, Iowa*; *the Iowa City Press Citizen*; *the Quad-City Times;* the Iowa Freedom of Information Council; and Mediacom Communications.

11.    I have been counsel of record in several reported First Amendment, access, open meetings and public records cases. Citations to reported news and media cases in which I was counsel of record include:

- *Iowa Freedom of Information Council v. Wifvat*, 328 N.W.2d 920 (Iowa 1983)
- *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983)

- *Lambert v. Polk County, Iowa*, 723 F. Supp. 128 (S.D. Iowa 1989)
- *Des Moines Register & Tribune Co. v. Dwyer*, 542 N.W.2d 491 (Iowa 1996)
- *Waterloo Courier v. Hawkeye Comm. College*, 646 N.W.2d 97 (Iowa 2002)
- *Leach v. Mediacom,* 373 F.3d 895 (8th Cir. 2004) affirming 240 F.Supp.2d 994
- *Hall v. Broadlawns Medical Center (Des Moines Register, Appellant)*, 811 N.W.2d 478 (Iowa 2012)
- *Bierman v. Weier and Author Solutions, Inc.,* 826 N.W.2d 436 (Iowa 2013)

12.     In October 2017, I was inducted into the National Freedom of Information Coalition's State Open Government Hall of Fame in recognition of my work advocating for citizen access, open government, and freedom of information on the state level.

13.     In *Des Moines Register & Tribune Co. v. U.S. Dept. of Justice, FBI*, 563 F. Supp. 82 (D.D.C. 1983), I received my first court award of statutory attorney fees for prosecution of an action that gained access under the Federal Freedom of Information Act to public records withheld by the Federal Bureau of Investigation.  I also received a fee award in a Southern District of Iowa case arising under 42 U.S.C. § 1983 involving Iowa State University, which was sued by my then client *The Ames Daily Tribune*.

14.     Exhibit 1 to this Declaration is a chart that shows my personal time entries in this case for which an attorney fees lodestar award is sought.  Those time entries were taken from contemporaneous time records I maintain that then were entered into the computerized billing system of my law firm.

15.     I reviewed the time entries set forth in Exhibit 1 and believe they accurately reflect work I performed on this case.

16.     I further believe that the hours expended by me as set forth in Exhibit 1 were reasonable and necessary in the handling of this matter.

17.     Moreover, I have not included all time entries and I further have written off time entries of other lawyers and paralegals in my firm who provided services in this case.

3

18.     It is my practice and custom to bill my time on an hourly basis.

19.     As of the date of this Declaration, my standard firm rate is $655 per hour.

20.     However, my hourly rate in a specific matter often varies by client, jurisdiction, or subject matter with variables including discounts afforded based on the volume of work received annually from a client; flat, capped or collared fee agreements; and other matters such as where services are rendered pursuant to blended rate, contingent or alternative fee arrangements. *See generally Lewis v. Heartland Inns of America, L.L.C*, 764 F.Supp.2d 1037, 1046 n.11 (S.D. Iowa 2011) (wherein Judge Pratt notes that "in this age of special fee arrangements and rate discounting, it is difficult to say that most, or any, attorneys have a truly regular rate.")

21.     In this case, I seek an hourly rate of $475 per hour, which is the rate that I have charged for work in this case.

22.     That rate is discounted from my standard firm rate.  I believe it is at or below my prevailing hourly rates in the Southern District of Iowa.

23.     Additionally, that rate is directly tied to a special billing arrangement made in this case.

24.     Thus, whether reference is made to my current standard or prevailing rates, the $475 per hour rate requested in this matter for a lodestar payment for services rendered in calendar years 2014 through 2018 without an upward adjustment for hourly rates since inception is just, reasonable, and in line, if not below, with what clients regularly pay for my services.

25.     My time as set forth in Exhibit 1 to this Declaration should not be adjusted for duplication or inefficiencies because it represents work of a single lawyer providing services in this case without overlapping or replicating the work of other attorneys or paralegals in my firm on the same task or project.  This request therefore is for a reasonable attorney fee.

26.     I believe the 84.1 hours for which a fee award is requested for my work were necessary, justified and reasonable.

27.     I also believe that the requested rate of $475 per hour is reasonable.

28.     I further believe that considering the work completed, the reasonable rate sought and the results obtained, the attorney fee application request for a lodestar award of not less than $39,947.50 in my local counsel fees, plus all out-of-pocket costs is reasonable and appropriate.

29.     By way of reference, I note that recently I received a fee award from the Eighth Circuit in the interlocutory appeal in this case (captioned at the Court of Appeals as *Gerlich and Furleigh v. Leath, et al.*, No. 16-1518).

30.     On September 20, 2017, the Court ordered the Defendants to pay $14,107.50 in attorney fees for my work as co-counsel in that interlocutory appeal in which our clients were prevailing parties.

31.     In that case I sought a lodestar fee award calculated based on an itemization of 29.7 hours of work on the appeal at $475 per hour, the agreed upon hourly rate charged by me for that appellate work.

32.     The Court of Appeals entered a judgment for an attorney fee award of $14,407.50 to my firm, which equaled 100 percent of my requested 29.7 hours multiplied by my requested $475 hourly rate.

33.     I declare under penalty of perjury that the foregoing is true and correct.

Signed on this 19th day of February 2018, in Des Moines, Iowa.

                                      _____

                                 MICHAEL A. GIUDICESSI

**Exhibit 1**

*Michael A. Giudicessi Time Entries*

| Date | Hours | Description |
|------|-------|-------------|
| 06/24/2014 | 1.00 | Email communications from/to R. Corn-Revere and review and create redline of complaint |
| 06/25/2014 | 0.40 | Email communications with R. Corn-Revere and analysis of naming regents and contacting Tanaka and/or Thompson |
| 06/30/2014 | 0.60 | Email communications with national counsel regarding complaint, civil cover sheet, service and pro hac vice motions |
| 06/30/2014 | 0.50 | Analysis and review of complaint as revised for filing and communications regarding modification and questions |
| 07/01/2014 | 0.30 | Emails with Davis Wright Tremaine LLP regarding inquiry and telephone conference with the Des Moines Register |
| 07/01/2014 | 0.10 | Draft email to Davis Wright Tremaine LLP regarding reassignment of judge |
| 07/01/2014 | 0.20 | Draft emails to Davis Wright Tremaine LLP regarding assigned judge and magistrate |
| 07/01/2014 | 0.40 | Emails with Davis Wright Tremaine LLP regarding final pleadings and pro hac vice motions |
| 07/02/2014 | 0.20 | Emails regarding pro hac vice and service issues |
| 07/03/2014 | 0.40 | Email communication to/from court and co-counsel regarding summons and service; revise letter to defense counsel seeking voluntary waiver of summons |
| 07/07/2014 | 0.30 | Revision of service letter and waiver of summons materials |
| 07/21/2014 | 0.20 | Email communications regarding acceptance of service and coordinate filing regarding same |
| 09/04/2014 | 0.60 | Begin review of motion to dismiss and briefing; emails to/from B. Corn-Revere |
| 09/11/2014 | 0.10 | Emails to/from R. Corn-Revere regarding motion to dismiss |

| | | |
|---|---|---|
| 09/21/2014 | 1.50 | Emails from/to B. Corn-Revere and complete review of brief in resistance to motion to dismiss and forward comments |
| 09/22/2014 | 1.40 | Emails from/to R. Corn-Revere; review updated version of resistance to motion to dismiss, create redline, add certificate and email to Davis Wright Tremaine LLP; additional emails and review ECF notice regarding filing |
| 09/24/2014 | 0.40 | Emails from defense lawyers seeking extension and emails to/from R. Corn-Revere regarding extension request and objections; additional emails and craft response to attorney general's office |
| 10/02/2014 | 0.30 | Emails regarding extension request and review motion and order regarding the same |
| 10/10/2014 | 0.10 | Emails regarding State's extension request |
| 10/14/2014 | 0.50 | Emails to/from R. Corn Revere regarding scheduling order requirements/deadlines (.2); review and revise proposed deadlines and Rule 26/ESI language proposed for client review (.3) |
| 10/15/2014 | 0.40 | Communications among counsel on discovery and ESI protocols and scheduling order contents and deadlines |
| 10/27/2014 | 0.40 | Confirm deadlines and draft communication to defendants' counsel regarding scheduling order and discovery plan (.2); review and revise joint discovery proposal to plaintiffs' unilateral proposal (.1); review ECF regarding reply filing (.1) |
| 10/28/2014 | 1.10 | Emails from/to R. Corn-Revere (.2); analysis of reply brief and draft email regarding same and hearing prospects to R. Corn-Revere (.4); telephone conference with Nancy at Judge Gritzner's chambers (.1); emails regarding oral argument options (.2); telephone conference   with Nancy at Judge Gritzner's chambers regarding preferred hearing date (.1); review text order regarding same (.1) |
| 11/10/2014 | 0.30 | Email communications from/to R. Corn-Revere regarding online access to court calendar and recording information |
| 11/18/2014 | 2.50 | Analysis regarding oral argument, research regarding the same, and conference with R. Corn-Revere |
| 11/19/2014 | 3.20 | Oral argument before Judge Gritzner and post argument conferences with R. Corn-Revere |

| | | |
|---|---|---|
| 12/03/2014 | 1.00 | Telephone conference with R. Corn-Revere, co-counsel, and P. Gerlich and K. Furleigh, to update clients on case status, next steps and strategy (1.0) |
| 12/05/2014 | 0.20 | Emails regarding cert grant in Texas petition and review reports regarding same (.2) |
| 12/09/2014 | 0.30 | Telephone conference with T. Smith, defendants' counsel, on Rule 26 and informal protective agreement (.1); emails to/from R. Corn-Revere and T. Smith regarding same (.2) |
| 12/10/2014 | 0.60 | Emails from/to R. Corn-Revere (.2); review proposed Rule 26 disclosures and provide redline (.4) |
| 12/10/2014 | 0.10 | Email communications with counsel (.1) |
| 12/15/2014 | 0.20 | Emails regarding production of documents and online video (.2) |
| 12/16/2014 | 0.50 | Emails from T. Smith and review proposed protective order (.2); locate and provide alternate forms of protective orders to co-counsel (.2); emails regarding disk return (.1) |
| 12/17/2014 | 0.20 | Locate and provide ESI status report templates (.2) |
| 12/18/2014 | 0.20 | Emails and follow up regarding ESI report and Attorney General's notice of inadvertent production (.2) |
| 01/05/2015 | 0.20 | Emails from/to C. Sevcenko regarding filing protocols and notice |
| 01/06/2015 | 0.50 | Read Judge Gritzner ruling and emails to/from R. Corn Revere regarding same |
| 01/08/2015 | 0.30 | Download and forward new press coverage of motion to dismiss and analysis of deadlines (.2); emails from/to R. Corn Revere regarding next steps (.1) |
| 01/20/2015 | 0.20 | Emails regarding defendants' request to extend deadline and review ECF filings regarding same |
| 02/09/2015 | 0.20 | Emails regarding protective order and review and approve form of motion to propose same |
| 02/13/2015 | 0.10 | Review order and revision by Judge Adams of paragraph 14 of protective order |

| | | |
|---|---|---|
| 03/19/2015 | 0.30 | Review scheduling order and telephone conference with B. Corn-Revere regarding discovery, dispositive motions and change-in-status of Judge Gritzner |
| 04/03/2015 | 0.10 | Emails regarding document collection and locating vendor to collect and produce text messages |
| 04/10/2015 | 0.10 | Read defendants' discovery deficiency response |
| 05/05/2015 | 0.30 | Follow up regarding deposition location and court reporter, including email to T. Smith, ISU Counsel, and L. Zycherman |
| 05/05/2015 | 0.70 | Analysis regarding discovery issues and telephone conference with L. Zycherman regarding depositions |
| 05/05/2015 | 0.20 | Additional emails regarding scheduling |
| 05/06/2015 | 0.10 | Review and sign notices of depositions |
| 05/06/2015 | 0.20 | Draft confirmation email to T. Smith |
| 05/06/2015 | 0.20 | Review emails from opposing counsel and from co-counsel |
| 05/06/2015 | 0.30 | Telephone conference with T. Smith |
| 05/18/2015 | 1.00 | Analysis regarding depositions and conference with B. Corn-Revere and L. Zycherman |
| 05/19/2015 | 0.20 | Emails and coordination regarding depositions and discovery |
| 05/20/2015 | 2.30 | Office conference with E. Furleigh, B. Corn-Revere and L. Zycherman for witness preparation and case analysis |
| 05/22/2015 | 8.80 | Office conference with T. Smith, defendants' counsel, regarding logistics; office time with E. Furleigh and defend deposition; time in conference with client; telephone conference with R. Corn-Revere |
| 05/25/2015 | 1.30 | Emails regarding Zimmerman transcript and briefly review same; email from L. Zycherman and begin consideration of privilege issues |

| 05/26/2015 | 3.50 | Emails and begin analysis regarding attorney-client privilege issues including case research and prior motions for protective order/to compel; office conferences with R. Corn-Revere and L. Zycherman regarding depositions of Furleigh, Madden, Leath and Gerlich |
| --- | --- | --- |
| 05/29/2015 | 1.00 | Telephone conference with P. Gerlich regarding deposition preparation |
| 06/02/2015 | 1.50 | Read supplement to interrogatories; conference with B. Corn-Revere and L. Zycherman regarding Madden and Leath depositions and case strategy |
| 06/04/2015 | 0.20 | Emails from/to T. Smith regarding deposition of Gerlich; follow up regarding deposition |
| 06/05/2015 | 5.20 | Review and revise discovery pleading and serve client verification; participate in deposition preparation and defend deposition of P. Gerlich; telephone conference with B. Corn-Revere |
| 06/18/2015 | 0.20 | Emails to and from R. Corn-Revere and briefly analyze Texas and Arizona SCOTUS rulings |
| 06/30/2015 | 0.20 | Download, review and distribute Judge Gritzner jury instructions in Manning v. Jones |
| 08/10/2015 | 0.10 | Emails regarding motion for summary judgment and statement of material facts |
| 08/11/2015 | 0.20 | Emails regarding statement of undisputed material facts and stipulation and review pleadings |
| 08/12/2015 | 0.20 | Emails and voice mails from Davis Wright Tremaine and respond to same regarding appendix and motion for summary judgment |
| 08/13/2015 | 0.40 | Telephone conference with R. London regarding motion for summary judgment procedures; follow up regarding appendix issues |
| 08/18/2015 | 0.30 | Review ECF notices, scheduling order and briefing as filed |
| 09/09/2015 | 0.60 | Begin analysis of resistance to defendants' motion for summary judgment |

| | | |
|---|---|---|
| 09/10/2015 | 1.10 | Analysis and review of resistance briefing; review TESS database; draft email memo to Davis Wright Tremaine LLP trial team with comments to brief |
| 11/04/2015 | 0.20 | Email communications regarding motion for summary judgment hearing preparation and logistics |
| 11/13/2015 | 2.00 | Begin review of statement of material facts and briefing for motion for summary judgment oral argument meetings |
| 11/17/2015 | 0.50 | Office conference with R. Corn-Revere and L. Zycherman regarding oral argument issues and Judge Gritzner update |
| 11/17/2015 | 0.50 | Additional case discussion regarding oral argument |
| 11/17/2015 | 1.00 | Analysis of Lexmark and standing issues and provide same to counsel |
| 11/17/2015 | 0.50 | Obtain information on judge preferences and review and discuss same regarding judge's list of questions |
| 11/18/2015 | 3.20 | Travel to/from U.S. Courthouse in Des Moines and time at oral argument before Judge Gritzner |
| 11/18/2015 | 0.80 | Additional analysis on standing, Texas issues and office conferences with B. Corn-Revere and L. Zycherman of Davis Wright Tremaine LLP |
| 01/22/2016 | 0.50 | Email communications from/to B. Corn-Revere (.2); follow up regarding Section 1988 (.3) |
| 01/22/2016 | 0.50 | Analysis of court order (.5) |
| 01/25/2016 | 0.20 | Review ECF notices on entry of judgment and Judge Adams hearing (.2) |
| 01/26/2016 | 0.10 | Review Rule 54(d)(2)(B)(i) regarding fee application deadline and send email to Davis Wright Tremaine LLP regarding same (.1) |
| 06/19/2017 | 0.30 | Emails to/from B. Corn-Revere regarding case strategy and reach out email to J. Thompson, Iowa Attorney General's office |
| 06/21/2017 | 0.40 | Emails regarding fees/costs/damages and analysis and strategy for upcoming meeting with Iowa Attorney General's solicitor general |

| 06/23/2017 | 2.20 | Prepare for and meet with J. Thompson, Iowa Solicitor General, and telephone conference with B. Corn-Revere regarding settlement |
| 10/31/2017 | 0.20 | Telephone conference with J. Thompson about settlement potential and his request for demand |
| 11/01/2017 | 0.40 | Emails from/to R. Corn-Revere, to J. Thompson and telephone conference with J. Thompson regarding settlement offer at $1.2 million |
| 11/16/2017 | 0.40 | Emails from/to R. Corn-Revere regarding settlement status; emails from/to J. Thompson at Attorney General's office; confer with J. Thompson on settlement |
| 11/17/2017 | 0.50 | Telephone conference with B. Corn-Revere on settlement discussions and draft and exchange emails confirming details; voice mail to J. Thompson at the Attorney General's Office |
| 11/27/2017 | 0.40 | Telephone conference with J. Thompson, Solicitor General, regarding settlement and draft summary email to R. Corn-Revere |
| 11/27/2017 | 0.20 | Telephone conference with R. Corn-Revere on settlement strategy |
| 12/21/2017 | 0.30 | Emails to/from J. Thompson, attorney for defendants, on status of counteroffer and revise outline |
| 12/21/2017 | 0.20 | Emails to/from B. Corn-Revere regarding reconsideration, case management/scheduling requirements, and status of counteroffer |
| 12/21/2017 | 0.30 | Analysis of terms and telephone conference with B. Corn-Revere regarding prospects of settlement, terms and timing |
| 12/22/2017 | 1.60 | Draft and revise term sheet for settlement and email to co-counsel |
| 12/22/2017 | 0.80 | Email communications with co-counsel on settlement prospects, terms and negotiation points |
| 12/22/2017 | 0.60 | Additional email communication with R. Corn-Revere and R. London regarding language in settlement term sheet and create and distribute new version |
| 12/26/2017 | 0.70 | Emails with co-counsel regarding settlement, revise and send version 2 to Jeff Thompson at Iowa AG's Office (.5); clarify subparagraph 1(h) and send updated version 3 to J. Thompson (.2) |

| | | |
|---|---|---|
| 12/27/2017 | 1.60 | Emails from/to J. Thompson, Iowa Solicitor General, and conference with same to discuss settlement term sheet (.8); review term sheet; and create and distribute redline (.4); communications among co-counsel on settlement term sheet and circulate second redline (.4) |
| 12/28/2017 | 1.50 | Email communications from/to R. Corn Revere, co-counsel, on settlement language and emails from/to J. Thompson at Iowa Attorney General's office regarding settlement language (.5); telephone conference with co-counsel on issues regarding appeal rights and successor signatures (.2); create and circulate new drafted new redlines (.4); additional emails among co-counsel and opposing counsel to negotiate final language for settlement term sheet (.4) |
| 01/03/18 | 1.00 | Emails among B. Corn-Revere, J. Thompson and coordinate exchanges of signatures and processing of settlement documents |
| 01/04/18 | 0.60 | Additional email communications among J. Thompson and co-counsel to exchange signatures, address protected publicity and need to advise court of settlement on damages and liability |
| 01/05/18 | 0.80 | Telephone conference and emails with J. Thompson; telephone conference with C. Murad at chambers of Judge Gritzner and follow up regarding communication on settlement and need to make joint filing with court with advisory on settlement and requesting briefing and final order on fees |
| 01/09/18 | 0.20 | Emails from/to B. Corn-Revere on appeal board action and need for signed copies by defendants and follow up by reviewing online information on board action |
| 01/10/18 | 0.10 | Consideration of motion issues |
| 01/10/18 | 0.10 | Email to J. Thompson regarding Appeal Board action and next steps to present motions/settlement to Judge Gritzner and email to co-counsel regarding same |
| 01/10/18 | 0.10 | Emails from/to B. Corn-Revere on status and locate and forward Attorney General's letter to Appeal Board |
| 01/11/18 | 0.20 | Check status of settlement and review settlement documents for follow up requirements |
| 01/22/18 | 0.20 | Analysis regarding next steps to secure order and case management deadlines |

| 01/22/18 | 0.30 | Emails to/from J. Thompson regarding signatures and notice to court and emails to co-counsel regarding same and regarding signature pages |
|---|---|---|
| 01/23/18 | 1.00 | Analysis regarding settlement and form of report to Judge Gritzner; meet with J. Thompson regarding same; begin consideration of draft |
| 01/24/18 | 0.70 | Analysis to secure case docket, dates, ruling information and dates and citations to incorporate into pleading |
| 01/24/18 | 2.00 | Drafting, revision and completion of proposed joint status report and motion for case management order with proposed terms |
| 01/24/18 | 0.30 | Analysis of settlement documentation and read rules regarding scheduling order |
| 01/29/18 | 0.10 | Emails to/from J. Thompson regarding status report and case management request pleading |
| 01/30/18 | 0.20 | Emails from/to J. Thompson, attorney for defendants, and telephone conference with same |
| 01/30/18 | 0.30 | Coordinate receipt of settlement checks and draft transmittal letter regarding Faegre Baker Daniels reimbursement for fees previously paid |
| 01/30/18 | 0.10 | Telephone conference with B. Corn-Revere |
| 01/30/18 | 0.20 | Update final version of status report and request for case management order and voice mail to B. Corn-Revere regarding same |

Total Hours:  84.1

## Certificate of Service

The undersigned hereby certifies that a true copy of **Corrected and Substituted Declaration of Michael A. Giudicessi n Support of Plaintiffs' Application for Attorney Fees and Costs** was served upon one of the attorneys of record for each party to the above-entitled cause through the Court's CM/ECF filing system on the 19th day of February, 2018.

/s/ Trisha Richey

Copy to:
Jeffrey Thompson
  Jeffrey.Thompson@ag.iowa.gov
George A. Carroll
  george.carroll@iowa.gov
*Attorneys for Defendants*

US.116530372.01