IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PAUL GERLICH and ERIN FURLEIGH,<br><br>    Plaintiffs,<br>v.<br><br>STEVEN LEATH, WARREN MADDEN, THOMAS HILL, and LEESHA ZIMMERMAN,<br><br>    Defendants. | Case No. 4:14 CV 264<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |

**COME NOW** Defendants and file this memorandum in opposition to Plaintiffs' Motion for Attorney's Fees and Costs. The Civil Rights Attorney's Fees Award Act authorizes district courts to award a "reasonable" attorney's fee to prevailing parties in civil rights litigation. *See* 42 U.S.C. § 1988. Plaintiffs' counsel's requested hourly rates are unreasonable for a case litigated in Des Moines, Iowa. Defendants object to those rates and ask this Court to award only reasonable fees, as the statute authorizes it to do.

Fee-shifting provisions like § 1988 "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). "Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Id.* "A prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). If plaintiffs "find it possible to engage a lawyer based on the statutory assurance that he will be paid a 'reasonable

1

fee,' the purpose behind the fee-shifting statute has been satisfied." *Delaware Valley*, 478 U.S. at 565; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 552 (2010) (explaining the purpose of § 1988's fee-shifting provision is to "ensure that federal rights are adequately enforced" and that a "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case"); *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." (quotation marks omitted)); *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (explaining that "a reasonable attorney's fee is one that is adequate to attract competent counsel" (quotation marks omitted)).

A reasonable market rate in the Eighth Circuit is "usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001); *see also Perdue*, 559 U.S. at 551 (explaining that the lodestar is typically appropriate in fee-shifting cases and "in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to 'the prevailing market rates in the relevant community'" (quoting *Blum*, 465 U.S. at 895)). The relevant market for determining fees here is Des Moines, Iowa, because the case was litigated in Des Moines.

Plaintiffs argue the relevant market for fees is Washington, D.C., because most of the attorneys they selected practice in D.C. and because those attorneys have significant First Amendment expertise. The Eighth Circuit has held that district courts may, in their judgment, allow for a higher non-local rate, but typically only where plaintiffs show they could not secure competent local counsel. *See Emery*, 272 F.3d at 1048 ("In a case where the plaintiff does not use local counsel, the court is not limited to the local hourly rate, if the plaintiff has shown that,

in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case."); *see also, e.g.*, *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1159-60 (8th Cir. 2014) (allowing St. Louis rates, rather than Cape Girardeau rates, where plaintiff "produced evidence he could not secure competent counsel in the Cape Girardeau community").[1] Here, Plaintiffs secured competent local counsel, Michael Giudicessi, to represent them in the litigation. Mr. Giudicessi is an experienced First Amendment litigator with over 35 years of experience. His declaration in this case highlights his extensive First Amendment experience and recognitions he has received for his expertise in that area. *See* Pls.' Ex. B.[2] Plaintiffs do not argue they could not secure competent local counsel—presumably because they did—or that local counsel could not have competently litigated the case without out-of-state counsel.

Plaintiffs bear the burden of establishing their fee request, including rates requested, is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Here, Plaintiffs have not made any showing that they could not secure competent local counsel or that the relevant market otherwise should be D.C. rather than Des Moines. Yet Plaintiffs seek to recover "reduced" D.C rates, with Mr. Corn-Revere requesting $692/hour and Mr. London seeking $563/hour. *See* Pls.' Ex. A at 7 (stating Mr. Corn-Revere's rate is $795/hour and Mr. London's is $655). Mr. Corn-

---

[1] Plaintiffs point to one case where the Eighth Circuit concluded higher rates were appropriate even if local counsel was available because the court found out-of-state counsel's expertise allowed them to litigate the case in a shorter amount of time than local counsel, without comparable experience, could have. *See Planned Parenthood, Sioux Falls Clinic v. Miller*, 70 F.3d 517, 519 (8th Cir. 1995) (per curiam). Plaintiffs do not argue their out-of-state counsel's expertise allowed them to litigate the case in a shorter amount of time than local counsel could have. Their billing records and summaries do not suggest any efficiency was achieved by virtue of their expertise. *See, e.g.*, Pls.' Br. at 15 (claiming, for example, 93.9 hours to oppose a motion to dismiss and 476.1 hours on summary judgment). As a result, if this Court were to award Plaintiffs' requested hourly rates, it should reduce the number of hours. Defendants do not otherwise challenge Plaintiffs' counsel's exercise of billing judgment.

[2] *See also* https://www.faegrebd.com/michael-giudicessi (highlighting Mr. Giudicessi's extensive First Amendment experience and noting his honors include being named among *Great Plains/Iowa Super Lawyers* in First Amendment/Media/Advertising and one of *The Best Lawyers in America* in First Amendment Law/Defense for 1995-2018); https://www.faegrebd.com/michael-giudicessi-selected-as-inductee-into-state-open-government-hall (explaining Mr. Giudicessi recently won an award designated for "First Amendment 'heroes'" whose lifetime work in that area has "left a significant legacy at the state and local levels").

Revere's and Mr. London's rates are not reasonable for the Des Moines market. *See* Defs.' Ex. A at 14-15 (showing the median hourly rate in 2015 for a private practice Iowa attorney was $199; median for attorneys with 40+ years of experience was $225; and median for a civil litigation plaintiff's attorney was $222); *id.* at 19 (showing that in 2015, among survey respondents, only 2% of Iowa private practice attorneys charged $350 or more per hour). Plaintiffs' Des Moines counsel, Mr. Giudicessi, charged $475 per hour for his work in this case. That rate, while high for an experienced Iowa attorney, is a more reasonable rate for this market than Mr. Corn-Revere's and Mr. London's D.C. rates and evidences the rate required to secure expert local counsel to litigate the case. Here, as in *Little Rock School District v. Arkansas*, Plaintiff's own fee application belies "any notion that local community rates were not 'sufficient to attract experienced counsel.'" 674 F.3d 990, 997-98 (8th Cir. 2012) (per curiam) (quoting *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993)). Plaintiffs' local counsel is an "experienced and lauded" expert in First Amendment litigation, and "[i]n light of the fact that Mr. [Giudicessi] billed his time for this matter at [$475] per hour . . . it cannot be said that the claimed national market rates were required to attract experienced civil rights counsel." *Little Rock*, 674 F.3d at 998. As a result, Mr. Corn-Revere's and Mr. London's rates should also be capped at no more than $475/hour, reducing their overall fee request by $82,721.90. *See* Pls.' Br. at 15.

Plaintiffs also charge an unreasonable paralegal rate for Ms. Shapiro, claiming a $360 per hour rate and billing her time at $302 per hour. *See* Pls.' Ex. A at 7. This rate is unreasonably high for the Des Moines market. *See* Defs.' Ex. B at 21-22 (showing that the average hourly billing rates for paralegals in Plains States (including Iowa) in 2016 was $123; that the average rate for paralegals in a big firm in 2016 was $171; and that the average rate for a paralegal with

over 25 years of experience in 2016 was $148). If this Court applies a more reasonable rate of $150/hour, it would reduce Plaintiffs' overall request by $25,399.20.

Section 1988 exists to ensure private parties can obtain competent counsel to try civil rights cases, not to afford plaintiffs the right to unnecessarily choose out-of-state counsel and charge local defendants unreasonable rates for their local market. Plaintiffs have made no showing they are entitled to higher out-of-state rates, rather than a reasonable rate for the market where the case was litigated. As a result, and because this Court is only authorized to award a "reasonable" fee, Defendants respectfully request that this Court reduce Plaintiffs' hourly rates, as detailed in this opposition, and award them no more than $516,173.00 in attorney's fees.[3]

Respectfully submitted,

**THOMAS J. MILLER**,
Attorney General of Iowa

**JEFFREY S. THOMPSON**
Solicitor General

**/s/NATASHA N. WILSON**
NATASHA N. WILSON
Assistant Attorney General
Hoover State Office Building, Second Floor
1305 East Walnut Street
Des Moines, IA 50319
PHONE: (515) 725-0501
FAX: (515) 281-7219
**ATTORNEYS FOR DEFENDANTS**

*Original filed electronically.*
*Copy electronically served on all parties of record.*

---

[3] Calculation: Plaintiff's total fees of $624,294.10 (Davis Wright Tremaine $569,346.60 + Faegre Baker Daniels $39,947.50 + $15,000 for fee request, per agreement) - $82,721.90 (hourly rate reduction for Mr. Corn-Revere and Mr. London) - $25,399.20 (hourly rate reduction for Ms. Shapiro) = $516,173.00. Defendants note their suggested reduction is less than the reduction the Eighth Circuit made to Davis Wright Tremaine's fee request at the appellate level. The Eighth Circuit awarded Davis Wright Tremaine 78.5% of the fees they requested. *See* Pls.' Br. at 6-7. Defendants' suggested reduction would result in an award of 81% of the fees Davis Wright Tremaine requested.

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on March 1, 2018:

☐ U.S. Mail             ☐ FAX
☐ Hand Delivery         ☐ Overnight Courier
☐ Federal Express       ☐ Other
☒ ECF System Participant (Electronic Service)

Signature: /s/AUDRA DRISH