IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PAUL GERLICH and ERIN FURLEIGH,<br><br>    Plaintiffs,<br><br>vs.<br><br>STEVEN LEATH, WARREN MADDEN, THOMAS HILL and LEESHA ZIMMERMAN,<br><br>    Defendants. | No. 4:14-cv-00264-JEG<br><br>**O R D E R** |

    This matter now comes before the Court pursuant to the prior case management Order, ECF No. 87, and Plaintiffs' Motion for Attorney Fees and Costs, ECF No. 88. Defendants have filed Objections to Plaintiffs' Motion for Attorney Fees and Costs. ECF No. 90. Following those objections, the parties have conferred on the issue and have filed a Joint Stipulation on Attorney Fees and Costs and Joint Requests for Approval and Entry of Judgment. ECF No. 93. The parties have agreed to submit the matter without oral argument, and the Court finds no need for a hearing.

**APPLICABLE LAW**

    Plaintiffs seek an award of attorney fees and costs as prevailing parties pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54 and Local Rule 54.1. There is no remaining dispute that the Plaintiffs are prevailing parties in this action. See Joint Status Report 3, ECF No. 86; Order on Joint Status Report 2, ECF No 87. Thus, the Court is left with the task of determining what is a reasonable fee for purposes of § 1988.

    A reasonable fee involves an analysis of the number of fair and reasonable hours billed against a reasonable billable hour rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This "lodestar" calculation is regarded as reasonable compensation. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010). There is no dispute in regard to the number of hours billed on behalf of the Plaintiffs. Rather, the remaining dispute focused on some of the billed hourly rates.

A reasonable market rate is "usually the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001); see also H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991); Jorstad v. IDS Realty, 643 F.2d 1305, 1313 (8th Cir. 1981). The Court is thus tasked with determining the relevant legal market. Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). Plaintiffs argued the relevant market is Washington, D.C., where most of the Plaintiffs' attorneys practice. The Defendants argued the relevant market is Des Moines, Iowa, where the matter has been litigated.[1] "In a case where the plaintiff does not use local counsel, the district court is not limited to the local hourly rate, if the plaintiff has shown that, in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1159-60 (8th Cir. 2014), citing Emery, 272 F.3d at 1048. Upon a determination of the relevant market, the burden is typically on the party seeking compensation to satisfactorily demonstrate a prevailing rate for similar services in that market. Blum v. Stenson, supra. Informed by that general legal structure, and employing the Court's broad discretion, see Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005), the Court has examined the application for fees and costs in light of the Stipulation of the parties.

## DISCUSSION

The Court commences the analysis recognizing what was not in dispute.[2] There is no challenge to the necessity or reasonableness of the hours expended by any of the Plaintiffs' counsel or legal assistant in litigating this complex matter. There is no dispute regarding the hourly rate being claimed by attorneys Giudicessi or Zycherman. Nor is there any dispute

---

[1] The matter was also litigated at the United States Court of Appeals for the Eighth Circuit, for which fees of $240,070.50 and costs of $3,042.00 were sought and the total amount of $177,467.68 was awarded by that court. Pls.' Mot. Br. 6-7, ECF No. 88-1.

[2] Plaintiffs had sought fees in the total amount of $624,294.10, and in resistance the Defendants suggested the Court could award up to $516,173.00.

regarding the claimed costs. Finally, the fees and costs incurred in connection with litigating the pending fee application were a matter of stipulation.

Having argued the relevant legal market is Des Moines, the Defendants challenged the fee claims for lead counsel Robert Corn-Revere and attorney Ronald London, both of Washington, D.C. Rather, the Defendants asserted the hourly rate claimed by Des Moines attorney Michael Giudicessi is an appropriate market rate which should be the highest rate allowed by the Court.

In support of the claimed fees, counsel have provided the Court with affidavits regarding their qualifications, the hourly rates they normally charge clients, and the reduced rates they are seeking in this matter. The record does not contain additional evidence regarding prevailing fees for like work in either market at issue. Based on the Court's experience, the rate of $475 per billable hour utilized by Mr. Giudicessi is on the high end, but not excessive, for an attorney of his experience, skill, and expertise for this particular area of practice in the Des Moines market.

The professional stature and reputation of Mr. Corn-Revere and Mr. Giudicessi are both apparent to the Court and unchallenged by the Defendants. Indeed, it is Mr. Giudicessi's skill and experience that Defendants utilized in arguing Plaintiffs cannot make the necessary showing that they could not obtain local counsel with the ability and the willingness to take on the case. Quite the contrary, Mr. Giudicessi is extremely able and qualified in the area, and took the case, albeit as local counsel.

While Mr. Giudicessi's credentials in the area of First Amendment litigation are beyond dispute, his substantial experience has been gained largely in representation of news organizations and media companies. The list of clients and representative cases clearly supports that conclusion. Lead counsel, Mr. Corn-Revere, has similar generic credentials in the First Amendment area, but with a material distinction. He has been involved in a number of cases across the country representing First Amendment rights of students in the academic setting, and has written extensively on First Amendment issues. Thus, while both counsel were qualified to provide the

necessary representation in the case at bar, Mr. Corn-Revere came to the case with substantially extended experience specifically applicable to the case. His expertise and command of the legal principles in the area were apparent to the Court in argument, and it is reasonable to conclude made a material contribution to the result. The Court cannot on this record reach a similar distinction between Mr. Giudicessi and Mr. London. At bottom, the Court concludes under these circumstances the relevant legal market is Des Moines. However, even with that essential conclusion, the Court also concludes Mr. Corn-Revere would command a higher rate in that market, albeit somewhat lower than the amount in the claim.

Defendants also challenged the rate being charged for the legal assistant located in Washington, D.C. They argue the rate of $302 per billable hour is excessive in comparison to the rates charged for like work in this jurisdiction. On the available record, the Court does not have a basis for concluding this rate is reasonable for the type of work being performed. Again in the absence of record evidence from the Plaintiffs that further supports the legal assistant fees, the Court relies on its experience in determining a reasonable rate for a case of this nature and complexity. In so doing, the Court recognizes the value performed by a legal assistant and the fact that such work limits the expenditure of lawyer time at a higher hourly rate.

Based on the foregoing analysis, the Court concludes the stipulated request for attorney fees in the amount of $570,233.55 is within the range of fair and reasonable fees for the services provided in this matter. Further, the Court concludes the stipulated request for costs in the amount of $27,974.62 is also fair and reasonable in the context of this litigation.

Accordingly, the Court hereby confirms and preserves its prior Orders and Judgments, including the January 22, 2016 injunction, ECF No. 60, made permanent on February 1, 2018, ECF No. 87.[3] The Clerk of Court is directed to enter Judgment in favor of the Plaintiffs and

---

[3] Pursuant to stipulation, this subsequent Order extended the injunction to include current Iowa State University President Wendy Wintersteen, and all Defendants' successors.

against the Defendants for fees and costs to the prevailing parties in the total amount of $598,208.17, which is to be made payable in a single check to the firm of Davis Wright Tremaine LLP.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2018.

_/s/ James E. Gritzner_
JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT